

Filing # 54028677 E-Filed 03/21/2017 04:51:58 PM

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FL

Garage Memories, LLC, and,
Shawn Friedman

                    Plaintiffs,

v.

Forever Current Studios LLC

                    Defendant.

_____/

CASE NO. 502017CA003149XXXXMB
DIVISION

### SUMMONS:

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are hereby commanded to serve this
Summons and a copy of the Complaint upon the Defendant:

FOREVER CURRENT STUDIOS LLC
GABRIEL Q. GALINSKY, REGISTERED AGENT
20749 WATERS EDGE CT.
BOCA RATON, FL 33498

DATED:   Mar 23 2017
_____

(SEAL)

CLERK OF THE CIRCUIT COURT

By: _____
    Deputy Clerk

    **Nidia Rios Gonzalez**

## IMPORTANT

A lawsuit has been filed against you.  You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: Palm Beach County Courthouse, 200 W. Atlantic Blvd., Delray Beach, FL 33444. A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at: Mangines Law, P.A., 2000 Glades Road, Suite 300, Boca Raton, FL 33431.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office.  You may review these documents, upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address.**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, FL 33401. Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, puede que pierda el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, usted puede consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparecencia a: Nombre y direccion de la parte que entrega la orden de comparencia: Mangines Law, P.A., 2000 Glades Road, Suite 300, Boca Raton, FL 33431.

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office].  Estos documentos pueden ser revisados a su solicitud.**

**Usted debe de mantener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a

partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, FL 33401. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.
Nom et adrese de la partie qui depose cette citation: Mangines Law, P.A., 2000 Glades Road, Suite 300, Boca Raton, FL 33431.

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**
**Il faut aviser le greffier de votre adresse actuelle.**

**** CASE NUMBER: 502017CA003149XXXXMB Division: AO ****

Filing # 53906146 E-Filed 03/17/2017 05:56:29 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE FIFTEENTH   JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH   COUNTY, FLORIDA

Case No.:_____
Judge: _____

Garage Memories LLC, Shawn Friedman
Plaintiff
        vs.
Forever Current Studios LLC
Defendant

**II.   TYPE OF CASE**

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
      ☒   Monetary;
      ☒   Non-monetary
      ☐   Non-monetary declaratory or injunctive relief;
      ☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (      )**
      (Specify)

      4

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐   Yes
      ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒   No
      ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒   Yes
      ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Brian A Mangines          FL Bar No.: 111937
    Attorney or party                                                    (Bar number, if attorney)

    Brian A Mangines          03/17/2017
    (Type or print name)                                      Date

**** CASE NUMBER: 502017CA003149XXXXMB Division: AO ****

Filing # 53906146 E-Filed 03/17/2017 05:56:29 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FL

CASE NO:
DIVISION:

Garage Memories, LLC, and,
Shawn Friedman
   Plaintiffs,
v.

Forever Current Studios LLC

  Defendant
_____/

COMPLAINT FOR BREACH OF CONTRACT, RESCISSION, DAMAGES AND
DEMAND FOR JURY TRIAL

Plaintiffs, Garage Memories, LLC and Shawn Friedman, ("Plaintiffs"), sue Defendant Forever Current Studios LLC and allege:

### JURISDICTION AND VENUE

1. This is an action for breach of contract, breach of the implied covenant of good faith and fair dealing, rescission and for damages in excess of $15,000.

2. Plaintiff, Garage Memories, LLC is a limited liability company organized and existing under the laws of the State of Florida with its principle place of business in Palm Beach County, FL.

3. Plaintiff, Shawn Friedman is an individual residing in Palm Beach County, Florida and is a principal of Garage Memories, LLC.

4. Defendant, Forever Current Studios, LLC is a limited liability company, organized and existing under the laws of the State of Florida with its principle place of business in Palm Beach County, FL.

5. Venue is proper in Palm Beach County, Florida because the parties have their principle place of business there, the contracts at issue were signed there, and some or all of the acts complained of occurred there.

## GENERAL ALLEGATIONS

6. Plaintiff, Garage Memories, is in the business of buying and selling American and foreign vintage and collectible cars, throughout the country at various auction sites, through network referrals, and through auctions held on ebayauctions.com.

7. Plaintiff, Shawn Friedman, is a principal and Manager of Garage Memories, LLC.

8. Defendant, Forever Current Studios, is, according to its website, a full-service film, photo, music, and design studio focused on brand development, marketing, and the visual or performing arts.

9. Garage Memories and Forever Current Studios executed a written Agreement on October 11, 2015. A copy of the written agreement is attached hereto as Exhibit "A."

10. The subject Agreement was prepared by and presented to Garage Memories by Forever Current Studios and was the result of a series of face to face to face meetings, email exchanges, and phone calls that began in or about the middle of September, 2016 and culminated in the signing of the subject Agreement.

11. Although the parties each held themselves out as representatives of their respective organizations, the contract, filled out by Mr. Gabriel Galinsky, a Manager of the Defendant, identified "Shawn and Marvin Friedman" as the clients of Forever Current Studios.

12. Based upon information and belief, and subject to further discovery, the decision to identify individuals rather than Garage Memories, LLC as the client was an intentional act on the

2

part of the Defendant in attempt to impute individual liability in the event of any breach. It was, in essence, a trap for the unwary.

13. The attempt to omit Garage Memories in favor of individuals is an intentional act of bad faith and unfair dealing not common to commercial transactions.

14. Despite the Defendants ploy, Mr. Marvin Friedman signed the contract on behalf of Garage Memories, LLC rather than in his individual capacity.

15. The terms of the contract contemplated that Forever Current Memories would take shoot photographs and videos of each vintage car specifically identified in the agreement and further specified the manpower that would be devoted to the project, to wit:

> Your film crew will consist of a film director (also a professional cinematographer and photographer), and a second cinematographer, unless otherwise specified in this Agreement.

16. Defendant failed to staff the projects with a qualified film crew that it obligated itself to thereby failing to adequately perform under the contract.

17. Paragraph 1 set forth the services that Defendant was to provide to Garage Memories. These services consisted of video & audio production and editing, photography, three movie posters (including the frame), and Facebook & You Tube marketing (setting up ad campaign for each car).

18. Defendant failed to fully perform all or some of the tasks identified in Paragraph 1 of the Agreement with respect to each automobile and performed others half-heartedly or negligently.

19. In exchange for its services, Defendant was to be paid in accordance with a payment structure but only after the sale of three identified automobiles listed in Paragraph 2 of the

contract. Once a car sold at a minimum price point, the Defendant would be entitled to a commission. The higher the sale of the car, the higher the payment to Defendant would be.

20. The three vintage automobiles set forth in the October 11th contract are: a 1989 Pontiac Firebird Trans Am, a 1961 Chrysler 300G Letter Car and a 1962 Chevy Impala.

21. Of the three aforementioned automobiles, the only one that has sold heretofore is the 1989 Pontiac Firebird on February 17, 2017 for a purchase price of $22,995 and at a loss to Garage Memories.

22. Despite the fact that the sales price was less than the amount that would entitle the Defendant to a payment under the contract, the Plaintiff, Garage Memories, compensated the Defendant $2,500 which equates to the minimum amount of commission it would have been due had it sold for $25,000.

23. In fact, Garage Memories paid this commission on November 1, 2016 in *anticipation* of a pending sale of the Pontiac Firebird that subsequently did not materialize. This was an act of good faith and fair dealing on the Plaintiff's part.

24. The failure of the Defendant to fully and/or adequately perform services consistent with its contractual obligations constitutes a willful breach of the subject Agreement.

25. On October 25, 2016, the parties entered into a second contract that was identical to the October 11, 2016 contract except that different automobiles were set forth in Paragraph 2 of the Agreement, each with a separate payout scale based upon certain sales price points. A copy of the written Agreement is attached hereto as Exhibit B.

26. The subject Agreement, like the October 11, 2016 Agreement, was prepared by and presented to Garage Memories by Forever Current Studios and was the result of a series of

4

face to face to face meetings, email exchanges and phone calls that began in or about middle of September, 2016 and culminated in the signing of the subject Agreement.

27. This contract was also prepared by Defendant's Manager, Gabriel Galinsky, and again falsely identified Defendant's client as "Shawn and Marvin Friedman" instead of the de facto client Garage Memories, LLC. Unwittingly, Shawn Friedman signed the agreement without specifically identifying that it was signed in his capacity as a Manager of Garage Members rather than in his individual capacity.

28. Based upon information and belief, and subject to further discovery, the decision to identify individuals rather than Garage Memories, LLC as the client was an intentional act on the part of the Defendant in attempt to impute individual liability in the event of any breach. It was, in essence, a trap for the unwary.

29. The attempt to omit Garage Memories, LLC in favor of individuals is an purposeful act of bad faith and unfair dealing not common to commercial transactions.

30. The three vintage automobiles set forth in the October 25th contract are: a 1959 Ford Galaxy 500 Skyliner, a 1969 Corvette Sport Coupe, and a 1980 Pontiac Firebird Trans Am.

31. The only one of those three cars that has sold heretofore is the 1959 Ford Galaxy, which sold for $57,000 on January 7, 2017 resulting in a loss to Garage Memories.

32. Since the $57,000 sales price is less than the minimum stated amount of $65,000, Defendant is not entitled to receive any payment under the terms of the Agreement.

33. The failure of the Defendant to fully and/or adequately perform services consistent with its contractual obligations constitutes a willful breach of the subject Agreement.

34. In or about early to mid-February, Marvin Friedman had a conversation with Mr. Jarred Moore, a Manager of Defendant, whereby they each agreed that Garage Memories would

Plaintiffs into paying Defendant amounts for which they have been unable to earn from their efforts and work product and for which they are not otherwise entitled to receive.

40. The Defendant's letter from its attorney also states that damages to its client "may exceed One Million Dollars." This statement is extreme, outrageous, not based in fact and asserted simply as a scare tactic to bully the Plaintiffs.

41. Such efforts to coerce and bully the Plaintiffs as described above constitute a failure on Plaintiff's part to carry out the terms of the subject Agreements in a spirit of good faith and fair dealing.

42. All conditions precedent to bringing suit have been met by Plaintiffs or waived by Defendant.

43. As a direct and proximate cause of Defendant's breach the Plaintiffs have and will continue to suffer damages.

**COUNT ONE**
**BREACH OF CONTRACT**
**(Breach of October 11, 2016 Agreement)**

Plaintiffs, Garage Memories, LLC and Shawn Friedman, ("Plaintiffs"), sue Defendant Forever Current Studios, LLC ("Forever Current Studios" or "Defendant") and allege:

44. This is an action for damages that exceed $15,000 exclusive of interest, court costs and attorney's fees.

45. Paragraphs 1-24, and 32-43 are incorporated fully by reference herein.

46. Under the terms of the subject agreement dated October 11, 2016, Defendant is obligated to perform services as set forth in the subject agreements fully, competently, and in good faith.

7

47. Defendant materially breached the contract with Plaintiffs by unilaterally ceasing to continue to perform under the October 11, 2016 Agreement and instead resort to a lawyer's letter to gain compensation from Plaintiffs to which Defendant is not entitled to by terms of the contract.

48. Defendant further materially breached the October 11, 2016 Agreement by threatening Plaintiffs with a lawsuit that could result in damages of more than a million dollars through the continued use of copyright material that the Plaintiff has the right to use under the terms of the subject agreement.

49. As a direct and proximate result of the Defendant's breach of contract as alleged above, Plaintiffs have been damaged in the form of lost opportunities to properly market the automobiles covered by the parties' Agreement, lost profits, and additional costs to perform the contractual services that Defendant has failed to perform, is unwilling to perform, and instead is opting to walk away from.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

a. for compensatory, reliance, actual, consequential and other damages in favor of Plaintiffs in an amount to be determined at trial;

b. for Pre-Judgment interest on any recovery by Plaintiffs;

c. for reasonable expenses of suit incurred herewith;

d. for reasonable attorney fees; and,

e. for such other relief as the Court may deem just and proper.

8

**COUNT TWO**
**BREACH OF CONTRACT**
**(Breach of October 25, 2016 Agreement)**

Plaintiffs, Garage Memories, LLC and Shawn Friedman, ("Plaintiffs"), sue Defendant Forever Current Studios, LLC ("Forever Current Studios" or "Defendant") and allege:

50. This is an action for damages that exceed $15,000 exclusive of interest, court costs and attorney's fees.

51. Paragraphs 1-8, 15-19, and 25-43 are incorporated fully by reference herein.

52. Under the terms of the subject agreement dated October 25, 2016, Defendant is obligated to perform services as set forth in the subject agreement fully, competently, and in good faith.

53. Defendant materially breached the October 25, 2016 contract with Plaintiffs by ceasing to continue to perform under the October 25, 2016 Agreement and instead resort to a lawyer's letter to gain compensation from Plaintiffs to which Defendant is not entitled to by terms of the contract.

54. Defendant further materially breached the October 25, 2016 Agreement by threatening Plaintiffs with a lawsuit that could result in damages of more than a million dollars by continued use of copyright material that the Plaintiff has the right to use under the terms of the subject agreement.

55. As a direct and proximate result of the Defendant's breach of contract as alleged above, Plaintiffs have been damaged in the form of lost opportunities to properly market the automobiles covered by the parties' agreement, lost profits, and additional costs to perform the contractual services that Defendant has failed to perform, is unwilling to perform, and instead is opting to walk away from.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

    f.  for compensatory, reliance, actual, consequential and other damages in favor of Plaintiffs in an amount to be determined at trial;

    g.  for Pre-Judgment interest on any recovery by Plaintiffs;

    h.  for reasonable expenses of suit incurred herewith;

    i.  for reasonable attorney fees; and,

    j.  for such other relief as the Court may deem just and proper.

## COUNT THREE
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

56. This is an action for damages that exceed $15,000 exclusive of interest, court costs and attorney's fees.

57. Paragraphs 1-43 are incorporated fully by reference herein.

58. There exists in all contracts an implied duty of good faith and fair dealing whereby each party is to act in good faith and engage in fair dealing in the performance of their contractual obligations.

59. In the negotiations leading up to the signed agreements the Defendants Manager, Jarred Moore, verbally represented that terms equal to or substantially similar to the terms set forth in the subject written agreements were acceptable to Forever Current Studios.

60. However, on October 6, 2016 the Defendant unilaterally and without warning presented another contract that bore no resemblance to the deal that Mr. Moore had verbally agreed to.

61. The "new proposal" was summarily and definitively rejected by way of an October 6, 2016 email from Marvin Friedman to the Managers of Forever Current Studios.

62. Thereafter, Mr. Moore contacted Mr. Friedman and apologized for Mr. Galinsky's attempt to renege on a verbal representation and instead present a proposal that Plaintiffs had already rejected during initial communications. Instead, the Defendant agreed to the terms proposed by Mr. Friedman.

63. The Defendant's attempt to effectively weasel out of a deal that it had struck with a handshake, evidences a lack of dealing in good faith and fair dealing with these Plaintiffs.

64. After both contracts had been signed, Mr. Friedman, In mid to late December, 2016 discussed with Mr. Galinsky the possibility of having 7 posters prepared featuring the various cars set forth in the parties' agreements. Rather than having Garage Memories send this job to another vendor, Mr. Galinsky verbally represented that Forever Current Studios could instead create posters for a total price of $350. However, after his verbal representation, Mr. Galinsky proceeded to present Marvin Friedman with a price of $1,250 —arguing that this price was still saving the Plaintiffs money. Mr. Friedman summarily "called Mr. Galinsky out" on this ridiculous change of heart and ridiculous assertion.

65. Mr. Galinsky's representations were made on behalf of Defendant and were false. The subsequent attempt to impose an exorbitant price increase for the posters on Plaintiff further evidences the bad faith and unfair dealing in which the Defendant treated these Plaintiffs.

66. Defendant by the acts alleged of herein including trying to usurp the contract on several occasions, intentionally trapping Mr. Shawn Friedman into signing the agreement as an individual, going back on its word on multiple occasions, resorting to a lawyer's letter rather than communicating in good faith with the Plaintiffs, falsely accusing the Plaintiffs of a breach of contract and copyright infringement, threatening Plaintiff's with a law suit

that could result in more than One Million Dollar of damages, and walking off the job rather than perform its obligations, has failed to act in good faith in the performance of the subject agreements.

67. The Defendant acted in bad faith and its acts were committed with reckless and wanton disregard for the rights of the Plaintiffs.

68. The Defendant's lack of good faith and fair dealing has caused and will continue to cause Plaintiffs damages in an amount to be determined at trial.

69. The Plaintiffs reserve the right to amend this complaint to include a claim for punitive damages in accordance with Fla. Stat. Sec. 768.72.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

    a. for an Order repudiating both of the subject agreements;

    b. an order, after and evidentiary hearing on Plaintiffs Motion to Amend to add a claim for punitive damages in accordance with the provisions of Florida Gen. statute 768.72;

    c. for compensatory, reliance, actual, consequential and other damages in favor of Plaintiffs in an amount to be determined at trial;

    d. for Pre-Judgment interest on any recovery by Plaintiffs;

    e. for reasonable expenses of suit incurred herewith;

    f. for reasonable attorney fees; and,

    g. for such other relief as the Court may deem just and proper.

**COUNT FOUR**
**RECISSION**

70. This is an action to rescind the October 11, 2016 Agreement and/or the October 25, 2016 Agreement.

71. Paragraphs 1-43 AND 58-69 are incorporated fully by reference herein.

12

72. The character of the parties and their relationship to each other comprised of the Plaintiffs being straightforward in its negotiations with Defendant.

73. The Defendant on the other hand, tried to renege on a deal that had been verbally agreed to, and then at contract formation the Defendant intentionally sought to trick Plaintiffs, by trying to get Marvin Friedman and Shawn Friedman sign as individuals even though the Defendant knew that Shawn Friedman and Marvin Friedman at all times were acting on behalf of Garage Memories, LLC and not as individuals. This amounts to "sneaky" behavior on Defendant's part.

74. Defendants subsequently went back on their word as identified elsewhere in this complaint (paragraphs 64 and 65) and unilaterally and unjustifiably stopped performing under the contract and instead sought to bully Plaintiff into giving them compensation for which they were not entitled to under the terms of the contract.

75. Defendant's actions were aimed at getting out of a deal it no longer which to obligate itself to and get paid for its time spent to boot—even though it had agreed to a commission structure.

76. Through all of its conduct the Defendant has falsely represented itself to Plaintiff and what it was capable of doing and what it would do under the Contract.

77. Plaintiff has rescinded the contract and has notified the Defendant of such recession.

78. It is not possible for the Plaintiffs to restore benefits to Defendant except to cease using any of Defendant's material related to these subject Agreements which it has already done and an adequate remedy at law may not be available.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

a.  for an Order of rescission of the October 11, 2016 agreement.

b.  for an Order of rescission of the October 25, 2016 agreement.

c.   for reasonable expenses of suit incurred herewith;

d.  for reasonable attorney fees; and,

e.  for such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a jury on all issues that can be tried by a jury.

Respectfully submitted this 17th day of March, 2017 by Brian Mangines.

/S/ Brian A. Mangines
Brian A. Mangines, Esq.
FL Bar: 111937
Mangines Law, P.A.
2000 Glades Road, Suite 300
Boca Raton, FL 33431
Ph: (561) 245-4709
Fax: (561) 892-0350
e-mail: brian@mangineslaw.com

# EXHIBIT A

## Forever Current Studios Agreement

Date: 10/11/16
Clients' full name: Shawn & Marvin Friedman
Address: 1085 S. W. Atlantic Ave, Delray Beach, FL, 33446
Phone(s): 561-235-8744

Your film crew will consist of a film director (also a professional cinematographer and photographer), and a second cinematographer, unless otherwise specified in this agreement. The final cut will include titles, music, mastered audio, and effects as are appropriate. The final video and photo edits will be provided to Shawn and Marvin Friedman after the completion of post-production. Allow 7-10 business days for post-production. The crew will be allowed a 45-minute meal break at some point during the production day. The billed time begins at setup and ends at tear down of October 11, 2016.

1. *Services*: Client has retained Forever Current Studios to perform the following services for 3 total vehicles:
   - Video & audio production and editing (up to 3 min video per car)
   - Photography (up to 40 edited photos per car)
   - 3 movie posters (includes frame)
   - Social media & website banner (graphic design)
   - Customized eBay template (web design)
   - Facebook & YouTube marketing (setting up ad campaign for each car)

2. *Payment*: Client agrees to pay Forever Current Studios (via Paypal, bank wire, or by check), and will provide Forever Current Studios with a copy of the final invoice for each car that is sold.
   Upon sale of either of the following vehicles, with the corresponding payment structure:

   - 1989 Pontiac Firebird Trans Am
     - If sold for $30,000, the commission will be $2,500
     - If sold for $32,500, the commission will be $3,000
     - If sold for $35,000, the commission will be $3,500

   - 1961 Chrysler 300G Letter Car
     - If sold for $100,000, the commission will be $3500
     - If sold for $105,000, the commission will be $4,500
     - If sold for $110,000, the commission will be $6,000
     - If sold for $115,000, the commission will be $7,500

   - 1962 Chevrolet Impala SS Convertible
     - If sold for $175,000, the commission will be $7,500
     - If sold for $185,000, the commission will be $8,500
     - If sold for $200,00, the commission will be $10,000

3. *Materials & Information*: Client will provide all content, outlines, photos, project images, etc., necessary for any special projects. Source material must be clear and legible. Client is responsible for furnishing all pertinent information, and for furnishing accurate, truthful and complete information necessary for Company to perform or complete the agreed services or project

4. *Expenses*. Expenses incurred on behalf of Client (except for meal expenses) are not included in any fees and will be billed to Client. Any additional expenses will first be communicated via written correspondence, and will require Client's approval prior to incurring such expenses. Reimbursable expenses may include, but are not limited to promotional materials, props for video productions, talent acquisition, purchasing stock footage, advertising expenses etc.

Other agreements:

The signers authorizes Forever Current Studios LLC personnel to discretely and professionally ask any person(s) who may be in the way of clear video shots to move to another location. ____ Yes, ____ No

Signatures:

| Forever Current Studios | 10-11-16 x | Gator Memo GPS LLC | 10-11-16 |
| Forever Current Studios | Date | Client | Date |

**TERMS AND CONDITIONS:** This contract is for videotaping by *Forever Current Studios* of specified events. *Forever Current Studios* and the *Client* acknowledge and agree that this written contract is the entire agreement between both parties, and that no other promises or agreements exist. Labor costs are approximated for the project given the flexible scheduling surrounding additional filming if needed, apart from the day of the event (10/11/16), and any increases over and above the referenced invoice will be charged to the client accordingly. The person signing this contract acknowledges that they have the authority to do so and therefore assume responsibility for the balance due stated herein. *Forever Current Studios* and their employees cannot be held liable if they cannot perform their duties due to illness, weather conditions, accidents while traveling to the specified engagement, acts of God, or any other reasonable events that may detain them; full refund of deposit and payment will be made if *Forever Current Studios* cannot perform their duties because of such events. Should the client cancel the proposed shooting date originally reserved and require a rescheduling, a rescheduling fee of $200 will be assessed to the final invoice, and shall be applied for each subsequent cancellation as well. *Forever Current Studios* will not hold the client liable for a cancellation that is due to extreme weather conditions, or acts of God. Original HD footage recorded at the event(s) remains the property of *Forever Current Studios*, and may be used for commercial and advertisement purposes. Should the client desire to purchase the licensing for the project's stock file footage, either in part or in whole, he/she may do so. By signing this contract the client has agreed to the terms and conditions stated in the *Forever Current Studios End User License Agreement*, which outlines *Forever Current Studios* policies and procedures pertaining to the purchase of any stock files, either in part, or in whole belonging to the production.

All content ©2015 Forever Current Studios
1161 Holland Dr, Boca Raton, FL 33487

# EXHIBIT B

## Forever Current Studios Agreement

Date: 10/25/16
Clients' full name: Shawn & Marvin Friedman
Address: 2729 NW 19 St Pompano Beach, FL 35067
Phone(s): 561-235-8744

Your film crew will consist of a film director (also a professional cinematographer and photographer), and a second cinematographer, unless otherwise specified in this agreement. The final cut will include titles, music, mastered audio, and effects as are appropriate. The final video and photo edits will be provided to Shawn and Marvin Friedman after the completion of post-production. Allow 7-10 business days for post-production. The crew will be allowed a 45-minute meal break at some point during the production day. The billed time begins at setup and ends at tear down of October 25, 2016.

1. *Services*. Client has retained Forever Current Studios to perform the following services for 3 total vehicles:
   - ✓ Video & audio production and editing (up to 3 min video per car)
   - ✓ Photography (up to 60 edited photos per car)
   - ✓ 3 movie posters (includes frame)
   - ✓ Facebook & YouTube marketing (setting up ad campaign for each car)

2. *Payment*. Client agrees to pay Forever Current Studios (via Paypal, bank wire, or by check), and will provide Forever Current Studios with a copy of the final invoice for each car that is sold:
   - ✓ Upon sale of either of the following vehicles, with the corresponding payment structure:

      o 1959 Ford Galaxy 500 Skyliner
         - If sold for $65,000, the commission will be $2,500
         - If sold for $66,500, the commission will be $2,750
         - If sold for $67,000, the commission will be $3,000
         - If sold for $68,000, the commission will be $3,250
         - If sold for $69,000, the commission will be $3,750
         - If sold for $70,000, the commission will be $5,000
         - If sold for any amount greater than $70,000, whereas the commission payable would equal $5,000, there will be a $250 increase on the commission thereafter for every $1,000 increase of the final sales price

      o 1969 Corvette Sport Coupe
         - If sold for $55,000, the commission will be $2,500
         - If sold for $60,000, the commission will be $5,000
         - If sold for any amount less than $55,000, or any amount greater than $60,000, the commission will still be distributed at 50% of the profit (the profit being anything over $50,000)

      o 1980 Pontiac Firebird Trans Am
         - If sold for $25,000, the commission will be $2,500
         - If sold for $26,000, the commission will be $2,750
         - If sold for $27,000, the commission will be $3,000
         - If sold for $28,000, the commission will be $3,250

- If sold for $29,000, the commission will be $3,500
- If sold for $30,000, the commission will be $4,000
- If sold for any amount greater than $30,000, whereas the commission payable would equal $4,000, there will be a $250 increase on the commission thereafter for every $1,000 increase of the final sales price

3. **Materials & Information:** Client will provide all content, outlines, photos, project images, etc., necessary for any special projects. Source material must be clear and legible. Client is responsible for furnishing all pertinent information, and for furnishing accurate, truthful and complete information necessary for Company to perform or complete the agreed services or project.

4. **Expenses:** Expenses incurred on behalf of Client (except for meal expenses) are not included in any fees and will be billed to Client. Any additional expenses will first be communicated via written correspondence, and will require Client's approval prior to incurring such expenses. Reimbursable expenses may include, but are not limited to promotional materials, props for video productions, talent acquisition, purchasing stock footage, advertising expenses etc.

Signatures:

_____ 10/25/16x     _____ 10/25/16
Forever Current Studios        Date              Client                    Date

All desired photos of the vehicle(s) have been captured by photographer (initial here) _____

**TERMS AND CONDITIONS:** This contract is for videotaping by *Forever Current Studios* of specified events. *Forever Current Studios* and the *Client* acknowledge and agree that this written contract is the entire agreement between both parties, and that no other promises or agreements exist. Labor costs are approximated for the project given the flexible scheduling surrounding additional filming if needed, apart from the day of the event (10/25/16), and any increases over and above the referenced invoice will be charged to the client accordingly. The person signing this contract acknowledges that they have the authority to do so and therefore assume responsibility for the balance due stated herein. *Forever Current Studios* and their employees cannot be held liable if they cannot perform their duties due to illness, weather conditions, accidents while traveling to the specified engagement, acts of God, or any other reasonable events that may detain them, full refund of deposit and payment will be made if *Forever Current Studios* cannot perform their duties because of such events. Should the client cancel the proposed shooting date originally reserved and require a rescheduling, a rescheduling fee of $200 will be assessed to the final invoice, and shall be applied for each subsequent cancellation as well. *Forever Current Studios* will not hold the client liable for a cancellation that is due to extreme weather conditions, or acts of God. Original HD footage recorded at the event(s) remains the property of *Forever Current Studios*, and may be used for commercial and advertisement purposes. Should the client desire to purchase the licensing for the project's stock file footage, either in part or in whole, he/she may do so. By signing this contract the client has agreed to the terms and conditions stated in the *Forever Current Studios End User License Agreement*, which outlines *Forever Current Studios'* policies and procedures pertaining to the purchase of any stock files, either in part, or in whole belonging to the production.

*Allcontent ©2015 Forever Current Studios*
*21161 Holland Dr. Boca Raton, FL 33487*